UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **ROBIN D. WOODS**<br><br>Plaintiff,<br><br>v.<br><br>**SELENE FINANCE, LP and LOGS LEGAL GROUP LLP**<br><br>Defendant. | Civil Action No.    3:22cv004-NBB-RP |

**PLAINTIFF ROBIN D. WOODS'S COMPLAINT FOR DAMAGES AGAINST DEFENDANTS SELENE FINANCE, LP AND LOGS LEGAL GROUP LLP**

**TRIAL BY JURY DEMANDED**

Plaintiff Robin D. Woods, for her Complaint for Damages against Defendants Selene Finance, LP and Logs Legal Group LLP, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Robin Woods ("Plaintiff" or "Woods") is the legal owner of the real property located at and commonly known as 7428 Wallingford Drive, Olive Branch, MS 28654 (the "Home").

2. Woods maintains the Home as her primary, principal residence, and has maintained the Home as such at all times relevant to the Complaint.

3. Defendant Selene Finance, LP ("Selene") services a Note (the "Note") and a Deed of Trust on the Home securing the Note (the "Deed of Trust"), each executed by Woods (collectively, the "Loan"), at all times relevant to this Complaint. In addition to acting as a servicer of the Loan for and on behalf of the owner of the Loan, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Pretium Mortgage Acquisition Trust

("Wilmington"), Selene is also a debt collector as it acquired servicing rights to the Loan when the Loan was contractually delinquent.

4. Defendant LOGS Legal Group LLP ("LOGS") (together with Selene, the "Defendants"), is a foreign professional services legal liability company headquartered in Charlotte, NC which maintains offices in Flowood, MS. At all times relevant to this Complaint, LOGS was acting as a debt collector for both Selene and Wilmington.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. (RESPA), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692k(d), *et seq.*

6. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over both Defendants as each of the Defendants conducts business including the servicing of this Loan and debt collection activities in Desoto County, Mississippi, which is within this Judicial District.

8. This action is filed primarily to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) and implemented pursuant to section 6(f) of RESPA which became effective on January 10, 2014, specifically, 12 C.F.R. § 1024.41 of Regulation X.

9. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Woods maintains the Home as her primary residence within this District.

**INTRODUCTION**

10. In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376

2

(2010).

11. Specifically, on January 17, 2013, the CFPB issued the RESPA (Regulation X) Mortgage Servicing Final Rules, 78 F.R. 10695 (February 14, 2013), which became effective on January 10, 2014.

12. The Loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2(b).

13. Selene is subject to the aforesaid Regulations and does not qualify for the exception for "small servicers", as defined in 12 C.F.R. § 1026.41(e)(4), nor the exemption for a "qualified lender", defined in 12 C.F.R. § 617.7000.

14. Woods has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches which provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

15. Woods asserts a claim for relief against Selene for violating 12 U.S.C. § 2605(k)(1)(E) for breaches of 12 C.F.R. § 1024.41 under Regulation X as set forth, *infra*.

16. Woods is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim under 15 U.S.C. § 1692.

17. Selene is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as Selene began collecting on the Loan when the Loan was in default.

18. LOGS is a debt collector as that term is defined by 15 U.S.C. 13692a(6) based upon the actions described herein, *supra*, as all times relevant herein LOGS is seeking to collect a debt on behalf of Selene and Wilmington.

19. The Loan is a "debt", as defined by the FDCPA, as the Loan was a residential mortgage loan secured by the Plaintiff's Home, the primary purpose of which was for personal, family, or household use. .

20. Plaintiff has a private right of action under the FDCPA against Defendants pursuant to 15 U.S.C. § 1692k(d) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## FACTUAL BACKGROUND

### (Default and Loan Modification)

21. Since 2019 Woods has experienced various financial hardships both directly and indirectly related to COVID making it difficult to make payments on the Loan to Selene.

22. In 2020 Woods applied for at least two, if not, more loan modification applications which Selene failed to timely review. These applications were considered facially complete by Selene but never substantially reviewed by Selene for eligibility for a loan modification.

23. In the spring of 2021 Woods applied again for a loan modification for which she was orally offered a trial loan modification in July 2021. Woods rejected that trial loan modification offer as the payments as calculated by Selene were higher than the contractual payments due on the loan.[1]

---

[1] 12 C.F.R. §1024.41(b)(2)(i) provides, in relevant part:

> (2) *Review of loss mitigation application submission.*
>   (i) *Requirements.* If a servicer receives a loss mitigation application 45 days or more before a foreclosure sale, a servicer shall:
>     (A) Promptly upon receipt of a loss mitigation application, review the loss mitigation application to determine if the loss mitigation application is complete; and

4

24. On or about December 3, 2021 Woods submitted a facially complete application to Selene, a copy of which is attached as Exhibit 1.

25. At the time Woods submitted the application Selene and LOGS had not yet sent a Notice of Substitute Trustee's Sale on the Property.

26. On or about December 21, 2021 Woods sent follow-up information to Selene for the loan modification.

27. On or about January 5, 2022 Woods was notified by a representative of Selene that her property was to be sold on January 13, 2022. *See* Exhibit 2 - Notice of Sale.

28. Woods was shocked as Selene had failed to review Exhibit 1 to determine eligibility for a new loan modification.

## IMPACT UPON AND DAMAGE TO PLAINTIFF

29. Despite Woods's facially complete application, Selene and LOGS have initiated

---

(B) Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable date pursuant to paragraph (2)(ii) of this section. The notice to the borrower shall include a statement that the borrower should consider contacting servicers of any other mortgage loans secured by the same property to discuss available loss mitigation options.

In this matter, Ms. Woods asserts that she never received a written notice from Selene that complied with 12 C.F.R. §1024.41(b)(2)(i)(B) with respect to the Spring 2021 application. By not receiving that written confirmation, the Application referenced in this Complaint is considered Ms. Woods's "first bite" for purposes of 12 C.F.R. § 1024.41(g) purposes.

5

the process to foreclose upon the Loan and sell Woods's Home in violation of RESPA and the regulations promulgated thereunder.

30. Woods lives in daily fear that she will be homeless despite her diligent compliance with Selene's requests.

31. Woods has been forced to retain counsel to bring this action.

32. The improper actions of Selene and LOGS have caused Woods to suffer other damages including, but not limited to

   a. Severe emotional distress driven by the impending loss of her Home and the loss of over Seventy Five Thousand Dollars ($75,000.00) of equity in her Home and by the fear that she will be imminently evicted from her Home, which has resulted in loss of sleep, anxiety, depression, embarrassment, and other significant harm;

   b. Severe emotional distress driven by the reality that a sale of her home has been scheduled despite meeting all of the terms and conditions of the review for the Modification;

   c. The loss of $1,500.00 as a retainer to counsel to file a Motion for Temporary Restraining Order and Motion for Preliminary Injunction;

   d. Being caused to unnecessarily remain in a default or delinquent status on the Loan and remain in foreclosure for a significantly longer time than she would have had Selene properly handled the TPP thereunder; and,

   e. An unnecessary delay in the rehabilitation of Woods's credit that she could have begun upon the receipt of a permanent modification following his completion of the TPP.

33. Throughout this entire ordeal, Woods has merely wanted to have Selene to honor

the terms of the TPP and have the benefit of the permanent modification to which she was entitled after his compliance with the terms of the Modification.

### ADDITIONAL EVIDENCE OF A PATTERN AND PRACTICE OF VIOLATIONS OF REGULATION X COMMITTED BY SELENE

34. The actions of Selene are part of a pattern and practice of behavior in violation of Woods's rights and in abdication and contravention of Selene's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

35. As of the filing of this Complaint, consumers nationwide have lodged Three Hundred Forty-One (341) consumer complaints with the CFPB against Selene, specifically concerning the issue identified on the CFPB's consumer complaint database as "loan servicing, payments, escrow account" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database which can be accessed at the following link: http://www.consumerfinance.gov/data-research/consumer-complaints/.

36. As of the filing of this Complaint, consumers nationwide have lodged Two Hundred Seventy-Nine (279) consumer complaints with the CFPB against Selene, specifically concerning the issue identified on the CFPB's consumer complaint database as "trouble during payment process" related to mortgages. Each such complaint is filed and cataloged in the CFPB's publicly accessible online database which can be accessed at the following link: http://www.consumerfinance.gov/data-research/consumer-complaints/.

37. Plaintiff has reviewed the CFPB's consumer complaint database and have identified other similar RESPA violations by Selene as alleged by other borrowers. In particular, Plaintiff has reviewed the fifteen (15) consumer complaints attached hereto and identified as **Composite Exhibit 3**. The date, details, and a narrative disclosed by the consumer is set forth in

each complaint. The complaints show conduct which demonstrates that Selene has engaged in a pattern or practice of violating RESPA with respect to other borrowers.

## COUNT ONE: AGAINST SELENE
### VIOLATIONS OF 12 C.F.R. § 1024.41(g) AND 12 U.S.C. § 2605(k)

38. Woods restates and incorporates his statements and allegations contained in paragraphs 1 through 37 in their entirety, as if fully rewritten.

39. 12 C.F.R. § 1024.41(a) explicitly provides that "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."

40. If a borrower submits a complete loss mitigation application more than thirty-seven (37) days prior to a foreclosure sale[2], then a servicer is prohibited from moving for judgment unless:

> (1) The servicer has sent written notice pursuant to paragraph (c)(1)(ii), stating that the borrower is not eligible for any loss mitigation options and the borrower has not requested an appeal, or the borrower's appeal has been denied;
>
> (2) The borrower rejects all loss mitigation options offered by the servicer; or,
>
> (3) The borrower fails to perform under an agreement on a loss mitigation option.

12 C.F.R. § 1024.41(g).

41. Comment 1 of the Official CFPB Interpretations to 12 C.F.R. § 1024.41(g) provides:

> The prohibition on a servicer moving for judgment or order of sale includes making a dispositive motion for foreclosure judgment, such as a motion for default judgment, judgment on the pleadings,

---

[2] Comment 1 of the Official CFPB Interpretations of 12 C.F.R. § 1024.41(b)(3) provides that if "no foreclosure sale has been scheduled as of the date that a complete loss mitigation application is received, the application is considered to have been received more than 90 days before any foreclosure sale." Supplement I to Part 1024.

8

> or summary judgment, which may directly result in a judgment of foreclosure or order of sale. A servicer that has made any such motion before receiving a complete loss mitigation application has not moved for a foreclosure judgment or order of sale if the servicer takes reasonable steps to avoid a ruling on such motion or issuance of such order prior to completing the procedures required by § 1024.41, notwithstanding whether any such action successfully avoids a ruling on a dispositive motion or issuance of an order of sale.

Supplement I to Part 1024.

42. Woods submitted the facially complete application on December 3, 2021 which was never acknowledged as facially complete by Selene timely so therefore became facially complete five (5) business days after receipt.

43. To date Selene has not sent and Woods has not received any written notice that her loss mitigation application was reviewed and that she was denied for any and all loss mitigation options available or otherwise stating the reason for any such denial or stating Woods's right to appeal any such denial.

44. Woods has not rejected any modification offered by Selene related or pursuant to the December 3, 2021 application.

45. Despite Woods's application and Selene's failure to send a written response to the same in accordance with the requirements of 12 C.F.R. 1024.41(c)(1)(ii), LOGS on the instructions of Selene on behalf of Wilmington filed a Notice of Substitute Trustee's Sale setting the sale for January 13, 2022.

46. Selene's actions in instructing LOGS to file the Notice of Substitute Trustee's Sale, or in otherwise failing to instruct that LOGS should not do so, were in violation of 12 C.F.R. § 1024.41(g) and 12 U.S.C. § 2605(k)(1)(E) and, as a result, Woods has suffered actual

damages as detailed, *supra*, including but not limited to fees incurred in prosecuting this Complaint.

47. Selene's actions are part of a pattern and practice of behavior in conscious disregard for Woods's rights.

48. As a result of Selene's actions, Selene is liable to Woods for statutory damages and actual damages as further described, *supra*. 12 U.S.C. § 2605(f)(1).

49. Additionally Woods requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

## COUNT TWO: AGAINST SELENE
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*.

50. Woods restates and incorporates his statements and allegations contained in paragraphs 1 through 49 in their entirety, as if fully rewritten..

51. Woods is a "consumer" as she is a natural person residing in Desoto County, MS and is obligated or allegedly obligated to pay on the Loan sought to be collected by Selene. 15 U.S.C. § 1692a(3).

52. The Loan is a "debt" as Woods obtained the Loan and became obligated thereunder for personal, household, or family use. 15 U.S.C. § 1692a(5).

53. Selene is a "debt collector" as defined by the FDCPA as it began servicing the Loan at a time when the Loan was in default. 15 U.S.C. § 1692a(6).

54. As outlined above, *supra*, Selene violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt by: (a) Failing to timely review Woods's December 2021 application; (b) failing to take any reasonable steps to notify Woods of the pending Notice of Substitute Trustee's Sale; and (c) instructing LOGS to move forward with the pending Notice of Substitute Trustee's Sale, or otherwise failing to instruct them to not do so.

55. The actions described, *supra*, are also each acts in which Selene violated 15 U.S.C. § 1692e(2).

56. Due to Selene's conduct Woods suffered actual damages, further described, *supra*, including but not limited to, the loss of the opportunity to obtain a permanent modification as well as legal fees and expenses to retain counsel to prepare and file a Motion for Temporary Restraining Order and Motion for Preliminary Injunction to remedy Selene's wrongful conduct.

57. Selene's actions have directly and proximately caused Woods to suffer from extreme emotional distress driven by the reasonable and legitimate fear that her Home will be sold at sale on January 13, 2022 despite her compliance with Selene's instructions for submission of a loan modification which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

58. As a result of the actions of Selene, Defendant Selene is liable to Woods for actual damages as further described, *supra*, statutory damages, and reasonable attorneys' fees and costs.

**COUNT THREE: AGAINST LOGS**
**VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*.**

59. Woods restates and alleges the allegations contained in Paragraphs 1 through 37 as if fully restated herein.

60. Woods is a "consumer" as that term is defined by the FDCPA.

61. LOGS is a debt collector as that term is defined by 15 U.S.C. 13692a(6) based upon the actions described herein, *supra*, as all times relevant herein LOGS is seeking to collect a debt on behalf of Selene

62. The Loan is a "debt" as Woods obtained the Loan and became obligated thereunder for personal, household, or family use. 15 U.S.C. § 1692a(5).

63. Based on the allegations herein, *supra*, LOGS violated 15 U.S.C. § 1692e(5) by attempting to take action that could not legally be taken—filing the Notice of Substitute Trustee's Sale in violation of 12 C.F.R. 1024.41(g).

64. LOGS's actions have directly and proximately caused the Plaintiff to incur time in having to deal with this Notice of Substitute Trustee's Sale and now having to file a Motion for Temporary Restraining Order and Motion for Preliminary Injunction in an attempt to stop the sale.

65. As a result of the actions of Selene, Selene is liable to the Plaintiff for actual damages in an amount to be determined, statutory damages of $1,000.00, and Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. 1692k(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robin Woods respectfully requests that this Court grant judgment in their favor against Defendant Selene Finance, LP and Defendant LOGS Legal Group LLP as follows:

A) A finding that Selene violated 12 C.F.R. § 1024.41(g) and 12 U.S.C. § 2605(k) as alleged in Count One;

B) A finding that Selene committed violations of 15 U.S.C. § 1692(e)(2) and/or 15 U.S.C. § 1692(f) as alleged in Count Two;

C) For an award of actual damages in an amount to be determined at trial against Selene as to Counts One and Two;

D) A finding that LOGS committed violations of 15 U.S.C. § 1692(e)(5) as alleged in

Count Three;

E) For an award of actual damages in an amount to be determined at trial against LOGS as to Count Three;

F) For an award of statutory damages against Selene in the amount of Two Thousand Dollars ($2,000.00) for each and every separate violation of RESPA alleged in Count One;

G) For an award of statutory damages against Selene in the amount of One Thousand Dollars ($1,000.00) for violating the FDCPA as alleged in Count Two;

H) For an award of statutory damages against LOGS in the amount of One Thousand Dollars ($1,000.00) for violations the FDCPA as alleged in Count Three;

I) For an award of reasonable attorneys' fees and costs from Selene as alleged in Counts One and Two against Selene;

J) For an award of reasonable attorneys' fees and costs from LOGS as alleged in Count Three; and

K) For all other relief this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Robin Woods demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

Respectfully submitted,

By: s/Daniel D. Ware
Daniel D. Ware (#10847)

*Co-Counsel for Plaintiff*

Daniel D. Ware (MSB #10,847)
Ware Law Firm, PLLC
216 1st Avenue NE
Magee, MS 39111
(601) 439-7079
(601) 439-7063 facsimile
dware@warelawfirm.com

Brian D. Flick, Esq. (OH #0081605)
*Pro Hac Vice Application to be submitted*
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(513) 645-3488
(216) 373-05356 facsimile
notices@dannlaw.com