IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROBIN D. WOODS**                                                                 **PLAINTIFF**

**V.**                                                            **NO: 3:22-cv-04-M-P**

**SELENE FINANCE, LP and**
**LOGS LEGAL GROUP LLC**                                            **DEFENDANT**

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**

The Court conducted an *ex parte* evidentiary hearing on Plaintiff's Motion [3] on January 12, 2022 at 1:30 p.m. via Zoom video conference. Plaintiff Robin D. Woods and her Counsel, Daniel D. Ware, Esq. and Brian D. Flick, Esq. appeared. No one appeared for Defendants Selene Finance, LP and LOGS Legal Group, LLC.

Under FED. R. CIV. P. 65(b)(1), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if:

> (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The standard for issuing a temporary restraining order or a preliminary injunction is a clear showing by the plaintiff of: (1) as substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from an injunction; and (4) that the injunction will not undermine the interest of the public. *Hull v. Quitman County Bd. of Educ.*, 1 F. 3d 1450, 1453 (5th Cir. 1993) (citing *Roho, Inc. v. Marquis*, 902 F. 3d 356, 358 (5th Cir. 1990)).

The Court is satisfied based upon the statements in the *Declaration of Brian D. Flick in Support of the Motion for Temporary Restraining Order* filed on January 12, 2022 [13] and the statements made by Brian D. Flick on the record during the January 12, 2022 hearing that Plaintiff, through Counsel, made reasonable efforts to notify the Defendants of the filing of the Motion and the evidentiary hearing.

The Court is also satisfied after reviewing the record in this matter and hearing the arguments of counsel and the testimony of Plaintiff Robin D. Woods that Plaintiff Robin D. Woods has demonstrated a likelihood of success on her claim against Defendant Selene Finance, LP as to the Plaintiff's claims for violations of 12 C.F.R. § 1024.41(g). Plaintiff has also demonstrated that, absent a temporary restraining order, she will suffer immediate and irreparable harm, including the loss of her primary residence. As to the third factor, the threatened injury to Plaintiff outweighs the potential harm to Defendants. Finally, issuing the temporary restraining order does not undermine the public interest. Accordingly, the Court finds that the balance of factors weighs in favor of the issuance of the temporary restraining order. Accordingly, Plaintiff's Motion is well taken and is hereby **GRANTED.**

**IT IS THEREFORE ORDERED** that, under Rule 65(b) of the Federal Rules of Civil Procedure, Defendant Selene Finance, LP is temporarily restrained and prohibited from foreclosure upon or selling the Property located at 7428 Wallingford Drive, Olive Branch, MS 38654 until the Court rules otherwise. Payment of bond is not required at this time.

This the 11th day of January, 2022.

Michael P. Mills
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI