**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ROBIN D. WOODS**                                                                                       **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 3:22-cv-00004-MPM-RP**

**SELENE FINANCE LP and
LOGS LEGAL GROUP LLP**                                                    **DEFENDANTS**

---

**THE ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT SELENE FINANCE LP**

---

Defendant Selene Finance LP ("Selene") by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Robin D. Woods ("Plaintiff") and asserts its affirmative defenses.

**ANSWER**

**Parties, Jurisdiction, and Venue**

1. Paragraph 1 asserts no allegations against Selene, thus no response is required.

2. Paragraph 2 asserts no allegations against Selene, thus no response is required.

3. Selene admits that it services the subject mortgage loan. Selene denies the remaining allegations in paragraph 3.

4. Paragraph 3 asserts no allegations against Selene, thus no response is required.

5. Selene admits that this Court has jurisdiction by virtue of 28 U.S.C. § 1331.

6. Admitted.

7. Selene admits that this Court has jurisdiction but denies the remaining allegations in paragraph 7.

8. Paragraph 8 asserts no allegations against Selene, thus no response is required.

1

9. Selene admits that this Court is a proper venue.

## Introduction

10. Paragraph 10 asserts no allegations against Selene, thus no response is required.

11. Paragraph 11 asserts no allegations against Selene, thus no response is required.

12. Denied.

13. Denied.

14. Denied.

15. Selene admits that Plaintiff seeks to assert these claims.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## Factual Background

21. Selene lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and thus denies them.

22. Denied.

23. Selene admits that Plaintiff submitted a loss mitigation packet in 2021, that a trial payment plan was offered, and that Plaintiff rejected the offered trial payment plan. Selene denies all remaining allegations in paragraph 23.

24. Denied.

25. Denied.

26. Selene lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and thus denies them.

27. The notice of sale attached to the Complaint as Exhibit 2 speaks for itself. Selene lacks sufficient information to admit or deny when Plaintiff learned that the subject property was to be sold, and thus denies the remaining averments in paragraph 27.

28. Selene denies that it failed to review the document attached to the Complaint as Exhibit 1. Selene lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 and thus denies them.

## Impact Upon and Damage to Plaintiff

29. Selene admits that steps were taken to foreclose on the subject property. Selene denies the remaining allegations in paragraph 29.

30. Denied.

31. Paragraph 31 asserts no allegations against Selene, thus no response is required.

32. Denied

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

33. Denied.

## Additional Evidence of a Pattern and Practice and Practice of Violations of Regulation X Committed by Selene

34. Denied.

35. Selene admits that consumer complaints have been filed with the Consumer Financial Protection Bureau ("CFPB") concerning Selene, and that the CFPB maintains a publicly accessible online consumer complaint database. Selene lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 and thus denies them.

36. Selene admits that consumer complaints have been filed with the CFPB concerning Selene, and that the CFPB maintains a publicly accessible online consumer complaint database. Selene lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 and thus denies them.

37. Selene admits that CFPB consumer complaints are attached to the Complaint; each complaint speaks for itself. Selene denies the remaining allegations in paragraph 37.

### Count One: Against Selene
### Violations of 12 C.F.R. § 1024.41(g) and 12 U.S.C. § 2605(k)

38. Selene adopts and incorporates by reference its responses to the above paragraphs.

39. Admitted.

40. The allegations in paragraph 40 are an incomplete selection of the law set forth in 12 C.F.R. § 1024.41(g); Selene, therefore, denies the allegations in paragraph 40. 12 C.F.R. § 1024.41(g) speaks for itself.

41. Admitted.

42. Denied.

43. Denied.

44. Paragraph 44 asserts no allegations against Selene, thus no response is required.

45. Selene denies that it failed to comply with the requirements of 12 C.F.R. 1024.41(c)(1)(ii). Selene admits that it instructed LOGS Legal Group LLP to initiate foreclosure

proceedings, and that a Notice of Substitute Trustee's Sale setting the sale for January 13, 2022 issued.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### Count Two: Against Selene
### Violations of the FDCPA, 15 U.S.C. §§ 1692, et seq.

50. Selene adopts and incorporates by reference its responses to the above paragraphs.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### Count Three: Against LOGS
### Violations of the FDCPA, 15 U.S.C. §§ 1692, et seq.

59. Selene adopts and incorporates by reference its responses to the above paragraphs.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

5

64. Denied.

65. Denied.

### Prayer for Relief

Selene denies the allegations in the unnumbered paragraph that begins with "WHEREFORE", including the allegations in subsections A through K therein. Selene denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

### Demand for Jury Trial

This paragraph contains a jury demand, to which a responsive pleading is not required.

### AFFIRMATIVE DEFENSES

Having answered each paragraph of the Complaint, Selene now asserts these separate and additional defenses. If the facts and investigation warrant, Selene may withdraw any of these additional defenses as may be appropriate. By setting forth these affirmative defenses, Selene does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff or any other party. Additionally, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to the Complaint's allegations. Selene further reserves the right to amend this Answer and these affirmative defenses, and to assert additional defenses and other claims, as this matter proceeds. Selene states as follows:

1. The facts not yet being fully developed, Selene affirmatively pleads all affirmative defenses and any defenses available under Federal Rules of Civil Procedure 8, 9, and 12.

2. The facts not yet being fully developed, Selene affirmatively pleads the affirmative defenses of judicial estoppel, waiver, release, bankruptcy discharge, settlement, accord and satisfaction, assumption of risk, ratification, acquiescence, mistake, consent, notice, contributory negligence, failure of consideration, and laches.

3. Plaintiff's claims are barred because the alleged violations did not result in actual damages to Plaintiff.

4. Plaintiff's claims are barred because the alleged damages, if any, are speculative in nature.

5. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

6. The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby reducing the amount of recovery as required by Mississippi law.

7. Selene invokes the provisions of Miss. Code Ann. § 85-5-7 on apportionment of fault as to all parties and non-parties who may be jointly liable for Plaintiff's alleged injuries.

8. The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Selene was not the proximate and/or competent producing cause of such alleged injuries and damages.

9. The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced, because those damages arose from the acts or omissions of persons or entities other than Selene, over which Selene had no control and for which Selene is not liable.

10. Selene has at all times acted in good faith, and any alleged errors were unintentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

11. Selene did not make any false representation to Plaintiff or use any unfair or unconscionable means to enforce the underlying mortgage documents.

12. All foreclosure efforts and notices were done in good faith and in compliance with the underlying mortgage documents and Mississippi law.

13. Selene is not a "debt collector" as defined by the Fair Debt Collection Practices Act with regard to Plaintiff.

14. Selene did not act with the requisite intent to support Plaintiff's claim under the Fair Debt Collection Practices Act.

15. Plaintiff did not send a complete loss mitigation application, as the term is defined by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605.

16. Plaintiff did not submit a complete loss mitigation application more than 37 days before a foreclosure sale.

17. Plaintiff has not complied with conditions precedent and/or legal requirements necessary to maintain her claims.

18. Plaintiff's claims are, in whole or in part, preempted by applicable law.

19. Selene pleads the defense of offset.

20. Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, and post-judgment interest.

21. Plaintiff's claims are barred by the terms and conditions of the mortgage documents underlying this lawsuit.

Respectfully submitted, this the 1st day of February, 2022.

/s/ Stevie F. Rushing
Stevie F. Rushing (MS Bar #105534)

ATTORNEY FOR DEFENDANT SELENE FINANCE LP

OF COUNSEL:

Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
P.O. Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice of the same to all counsel of record.

      Submitted this 1st day of February 2022.

                                            */s/ Stevie F. Rushing*
                                            OF COUNSEL